1   ANDRE BIROTTE JR.
    United States Attorney
2   CHRISTINE C. EWELL
    Assistant United States Attorney
3   Chief, Criminal Division
    STEPHANIE YONEKURA McCAFFREY
4   Executive Assistant United States Attorney
    (Cal. State Bar # 187131)
5        1200 United States Courthouse
         312 North Spring Street
6        Los Angeles, California 90012
         Telephone:  (213) 894-1092
7        Facsimile:  (213) 894-1634
         Email: Stephanie.Yonekura-McCaffrey@usdoj.gov
8
    Attorneys for Plaintiff
9   UNITED STATES OF AMERICA

10                  UNITED STATES DISTRICT COURT

11             FOR THE CENTRAL DISTRICT OF CALIFORNIA

12   UNITED STATES OF AMERICA,    ) No. CR 08-746(A)-JFW
                                  )
13             Plaintiff,         ) GOVERNMENT'S SENTENCING MEMORANDUM
                                  )
14                  v.            )
                                  ) Sentencing Date: March 22, 2010
15   TERRAL TOOLE,                ) Sentencing Time: 9:00 a.m.
                                  )
16             Defendant.         ) Courtroom of the Honorable
                                  ) John F. Walter
17                                )
                                  )
18   _____)

19        Plaintiff United States of America, by and through its

20   counsel of record, the United States Attorney for the Central

21   District of California, hereby submits its sentencing position

22   with respect to defendant Terral Toole ("defendant").  This

23   sentencing position is based on the attached Memorandum of Points

24   and Authorities, the case files and records in this case,

25   ///

26   ///

27   ///

28

1  the Presentence Report, and any further evidence and argument

2  that may be presented at any hearing in this matter.

3  DATED: March 4, 2010          Respectfully submitted,

4                                ANDRE BIROTTE JR.
                                 United States Attorney
5
                                 CHRISTINE C. EWELL
6                                Assistant United States Attorney
                                 Chief, Criminal Division
7

8
                                 _____/s/_____
9                                STEPHANIE YONEKURA McCAFFREY
                                 Executive Assistant United States
10                               Attorney

11                                 Attorneys for the
                                   United States of America
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

I.    INTRODUCTION

On November 20, 2009, defendant pled guilty to four counts of wire fraud, in violation of Title 18, United States Code, Section 1343, and four counts of money laundering, in violation of Title 18, United States Code, Section 1957.

On January 20, 2010, the United States Probation Office disclosed the Presentence Report ("PSR") in this case.  The PSR calculated defendant's applicable sentencing range under the United States Sentencing Guidelines ("U.S.S.G.") at 130 to 162 months in prison, which is based on a total offense level of 27 and a criminal history category of VI.  (PSR ¶¶ 47, 73).

This is a serious case involving a mortgage fraud scheme that caused millions of dollars of losses to victim financial lending institutions.  For reasons set forth below, the government believes that the court should find the applicable sentencing guideline level to be 23 and the applicable sentencing range to be 92 to 115 months.  The government, therefore, requests that the Court impose a high-end custodial sentence of 115 months and three years of supervised release, as well as require that defendant pay $940,443 in mandatory restitution and a $800 special assessment.

II.  ARGUMENT

A.   <u>For Purposes of Calculating the Applicable U.S.S.G.</u>
     <u>Level, Relevant Conduct Losses Should Not Be Included.</u>

On November 30, 2009, defendant pled guilty to eight counts of a fourteen count indictment.  During the plea colloquy, defendant expressed concern about being held responsible for

1

fraudulent property transactions to which he was not admitting guilt, i.e., relevant conduct.  The district court informed defendant that it would only consider the property transactions to which he pled guilty in calculating loss.  Given the district court's representations regarding its intended calculation of the applicable sentencing guideline level, the government does not believe that loss for relevant conduct should be applied in this case.  As such, the applicable loss should be $940,443 based on the following losses associated with the wire fraud counts to which defendant pled guilty:

| COUNT | LOSS | VICTIM |
|-------|------|--------|
| One | No Loss | |
| Two | $460,000 | OneWest Bank |
| Three | $185,000 | America's Wholesale Lender, dba Countrywide Home Loans |
| Four | $295,443 | EMC Mortgage/JP Morgan |
| TOTAL | $940,443 | |

Therefore, the applicable sentencing guideline level is calculated as follows:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(1) |
| Special Offense Characteristics: | 14 | U.S.S.G. § 2B1.1(b)(1)(H) (Loss of $940,443) |
| | 2 | U.S.S.G. § 2B1.1(b)(9) (Sophisticated Means) |

///
///
///

2

| Adjustments: | 3 | U.S.G.G. § 3B1.1<br>(Manager/Supervisor) |
|---|---|---|
| | -3 | U.S.G.G. § 3E1.1<br>(Acceptance of Responsibility) |
| Total Adjusted Offense<br>Level: | 23 | |

B.    <u>A 115-Month Sentence Is Appropriate and Necessary Under
      the Factors Set Forth in 18 U.S.C. § 3553(a).</u>

    1.    <u>Nature and Circumstances of the Offense</u>

The nature and circumstances of defendant's offense warrant a custodial sentence of 115 months, which is a sentence at the high-end of the guideline range.

Although the government believes that the Court should not consider relevant conduct in calculating loss, the government does believe that the Court should consider the other fraudulent property transactions in evaluating the nature and circumstances of the offense. Defendant participated in an elaborate mortgage fraud scheme over a twenty-month time period. (PSR ¶ 19). Defendant recruited young and naive co-schemers to act as straw buyers to fraudulently obtain loans. (PSR ¶¶ 13, 19, 23-24). He directed an individual to open up a bank account in his name to receive the fraudulently obtained loan proceeds and to transfer the monies to defendant and his co-schemers. (PSR ¶ 16). In the process, defendant ruined the credit of the straw buyers, took hundreds of thousands of dollars for himself, and caused losses of over $4 million to the victim financial lending institutions.

1    For these reasons, a high-end guideline sentence of 115
2  months in custody is necessary and appropriate to account for the
3  nature and circumstances of the offense.
4              2.   History and Characteristics of Defendant
5    The custodial sentence recommended by the government also
6  takes into account the history and characteristics of
7  defendant as provided in Section 3553(a)(1).
8     Defendant committed these offenses over 20 months and used
9  hundreds of thousands of dollars in fraudulently obtained loan
10 proceeds for his personal benefit with little or no concern for
11 the effect on the straw buyers or the victim financial lending
12 institutions.  Defendant not only obtained fraudulent loans in
13 the names of the straw buyers but also obtained leases for
14 vehicles in their names without their knowledge.  (PSR ¶¶ 23-24).
15 In the fraudulent property loan and vehicle leasing paperwork,
16 defendant listed one of his fraudulent companies, Montajz
17 Magazine or Corzal, Inc., as the "employer" of the straw buyer in
18 the fraudulent loan paperwork.  (PSR ¶ 15).  Montajz Magazine and
19 Corzal, Inc. did not conduct legitimate business but instead,
20 existed only for fraudulent employment verification purposes.
21 (PSR ¶ 21).
22    As set forth in the PSR, defendant also has an extensive
23 criminal history beginning in 1991 and continuing through 2003.
24 (PSR, ¶¶ 51-73).  In fact, defendant committed the instant
25 offense while on probation for a previous offense.  (PSR ¶ 70).
26    Defendant has used aliases and has possessed false
27 identification information in the past.  On numerous occasions
28 when arrested, defendant has been in possession of false

4

identification documents.  (PSR ¶¶ 59, 68).  In addition,
defendant has been convicted of offenses where defendant falsely
claimed to be another individual.  (PSR ¶¶ 61, 63).

Defendant has shown that he lacks a respect for the law and
continues to violate the law despite the consequences.

### 3.   Need for the Sentence Contemplated

Section 3553(a)(2) provides that the Court at sentencing
shall consider the "need for the sentence imposed."  The relevant
considerations for this factor include the seriousness of the
offense, the need to promote respect for the law, to provide
adequate deterrence to criminal conduct, protect the public from
further crimes of the defendant, and provide the defendant with
needed training, medical care, or correctional treatment in the
most effective manner.  See 18 U.S.C. § 3553(a)(2).  Applying
these considerations to this case, the government's suggested
115-month prison term is reasonable and appropriate.

The government's recommended sentence promotes respect for
the law, not only for this defendant as the longest prison
sentence received by this long time criminal, but for others who
might seek to commit mortgage fraud schemes.  A high-end sentence
would also deter others who may consider committing mortgage
fraud schemes.  Additionally, given the defendant's criminal
history, the government believes that a custodial sentence is
necessary to protect the public from future crimes from defendant
and better impress on defendant -- and others -- the consequences
of the criminal behavior in this case.

5

### 4.   Kinds of Sentences Available

Section 3553(a)(3) states that the Court shall consider the "kinds of sentences available."  Given the seriousness of defendant's crime, which involved a mortgage fraud scheme defrauding victim financial lending institutions of over $4 million dollars, defendant should be sentenced to a term of incarceration.  Indeed, under the advisory guidelines, a sentence of imprisonment is generally required if the sentencing range for the defendant's total offense level and criminal history category are within "Zone D" of the guidelines sentencing table. U.S.S.G., Ch. 5, Pt. A and § 5C1.1(f).  In this case, defendant's sentencing range clearly falls within Zone D.

### 5.   Sentencing Ranges and Policy Statements

Section 3553(a)(4) provides that the Court shall consider "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ."  Section 3553(a)(5) states that the Court should also consider any pertinent policy statement issued by the Sentencing Commission.

The guidelines represent the Commission's policy determination that other defendants in the same circumstances as defendant, with an offense level of 24 and in criminal history category VI, could expect to serve between 92 to 115 months.  A 115-month custodial sentence, the high-end of the range corresponding to the total offense level and applicable criminal history category, is therefore reasonable and appropriate.

6

6.   <u>Need to Avoid Sentencing Disparities</u>

Section 3553(a)(6) provides that the Court shall consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct."  Courts have explained that, when Congress enacted Section 3553(a)(6), it was primarily concerned with promoting "national uniformity in sentencing rather than uniformity among co-defendants in the same case." <u>United States v. Saeteurn</u>, 504 F.3d 1175, 1181 (9th Cir. 2007).  A sentence of 115 months is within the guideline range.  Accordingly, the recommended sentence helps, as best can be expected, to achieve the national uniformity in sentencing that Congress sought in enacting this Section.

III. RESTITUTION

For the reasons set forth above concerning the plea colloquy, the government believes that the Court should limit restitution to the loss amounts associated with the counts to which defendant pled guilty.  In the plea agreement, defendant acknowledged the need for mandatory restitution, and the government stated that it believed that the applicable restitution was at least $940,443.  The current information supports the previous calculations, and the applicable restitution amount should be $940,443.

IV.  CONCLUSION

The government respectfully submits that a sentence of imprisonment at the high-end of the guidelines range is sufficient, but not greater than necessary, to punish defendant for his misconduct, promote respect for the law, protect the

7

1  public, and deter defendant and others from committing similar

2  crimes in the future.   Accordingly, the government respectfully

3  requests that the Court sentence defendant to a term of 115

4  months imprisonment, a three-year period of supervised release,

5  and order the defendant to pay mandatory restitution of $940,443

6  and a special assessment of $800.

7

8  DATED: March 4, 2010              Respectfully submitted,

9                                    ANDRE BIROTTE JR.
                                     United States Attorney
10
                                     CHRISTINE C. EWELL
11                                   Assistant United States Attorney
                                     Chief, Criminal Division
12

13
                                     _____/s/_____
14                                   STEPHANIE YONEKURA McCAFFREY
                                     Executive Assistant United States
15                                   Attorney

16                                     Attorneys for the
                                       United States of America
17

18

19

20

21

22

23

24

25

26

27

28